# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANNIE LUCILE LIVINGSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-4162-EFM-KGG |
| ) | |
| SODEXO, INC and AFFILIATED ) | |
| COMPANIES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER ON IFP STATUS

Plaintiff Annie Livingston filed an a federal court Complaint alleging employment discrimination based on race, gender and age. (Doc. 1, at 3.) In conjunction with her Complaint, Plaintiff also filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 4, sealed). Having reviewed Plaintiff's motion, as well as her Complaint, the Court is prepared to rule.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

According to her supporting financial affidavit, Plaintiff is 49-years-old, single, with no dependents.  (Doc. 4, sealed, at 1-2.)  She has been unemployed since the allegedly discriminatory termination of her employment.  She lists an amount she has received in unemployment, which the Court surmises is a cumulative, rather than a monthly, amount.  (*Id*., at 5.)

Plaintiff does owns real property, but attests that she has little or no equity in her home.  (*Id*., at 3, 4.)  She also pays a sizeable monthly mortgage.  (*Id*.)  She has one very modest automobile, which she apparently owns outright.  (*Id*., at 4.)  She lists an insignificant amount of cash on hand.  (*Id*.)

In addition to her mortgage payment, Plaintiff also lists typical monthly

2

expenses, including groceries, gas, telephone, and insurance, as well as certain other consumer debts.  (*Id*., at 5-6.)  She has filed for bankruptcy previously.  (*Id*., at 6.)

Considering all of the information contained in the financial affidavit, Plaintiff has reasonable monthly expenses, but receives no current income other than unemployment benefits.  Given her current financial situation, the Court finds that Plaintiff has established that she is entitled to file this action without payment of fees and costs.  Therefore, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs or Security (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case.

Dated at Wichita, Kansas, on this 23rd day of November, 2011.

                                                  s/ KENNETH G. GALE
                                                  KENNETH G. GALE
                                                  United States Magistrate Judge