IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANNIE LUCILE LIVINGSTON,         )
                                 )
            Plaintiff,           )
                                 )
vs.                              )    Case No. 11-4162-EFM-KGG
                                 )
SODEXO, INC., and AFFILIATED     )
COMPANIES,                       )
                                 )
            Defendant.           )
                                 )

## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

By Order filed November 23, 2011 (Doc. 5), the undersigned Magistrate granted Plaintiff's motion to proceed *in forma pauperis* (Doc. 3). Plaintiff subsequently filed her motion for appointment of counsel (Doc. 14) on January 11, 2012. Having reviewed Plaintiff's submission, in addition to her Employment Discrimination Complaint (Doc. 1) and *IFP* motion (Doc. 3), the Court **DENIES** Plaintiff's motion.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without

the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

In considering the *Castner* factors, the Court has already determined that Plaintiff has a limited ability to afford counsel.  (*See* Doc. 5.)  The Court sees no glaring concerns on the face of Plaintiff's federal court Complaint.  (Doc. 1.)  The Court also finds that Plaintiff has engaged in a diligent search for counsel.  (*See* Doc. 4.)  As such, the analysis will turn on the final *Castner* factor – Plaintiff's capacity to represent herself.  979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id.*, at 1422.  The Court notes that the factual and legal issues in this case are not unusually complex. *Cf. Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's

allegations of race, religion, sex, national origin, and disability discrimination were "not complex"). Further, although Plaintiff is not trained as an attorney, and while an attorney might present her case more effectively, this fact alone does not warrant appointment of counsel. Plaintiff adequately navigated the EEOC administrative procedure and filed a coherent employment discrimination form Complaint. (*See* Doc. 1.)

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day. To the contrary, Plaintiff has shown her ability to represent herself by drafting her agency charge of discrimination and federal court Complaint, which set out the operative facts to support her claims. (*See generally*, Doc. 1.) Further, although Plaintiff is not trained as an attorney, and while an attorney might present her case more effectively, this fact alone does not warrant appointment of counsel.

The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to her case. As such, her Motion to Appoint Counsel is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's request for appointment

of counsel (Doc. 14) is **DENIED**.

Dated at Wichita, Kansas, on this 12th day of January, 2012.

      S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge