# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANNIE LUCILLE LIVINGSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-4162-EFM |
| ) | |
| SODEXO, INC. AND AFFILIATED CO., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court upon Defendant's Motion for Authorization to File Exhibits Under Seal, ECF No. 48. In the current motion, Defendant seeks leave to file under seal excerpts of Defendant's policies, Plaintiff's acknowledgment of the policies, and excerpts of Plaintiff's deposition.

Judge Waxse has articulated the standard for seeking leave to file documents under seal as follows:

> It is well settled that federal courts recognize a common-law right of access to judicial records. This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest." This public right of access, however, is not absolute. Because federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof. Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."[1]

---

[1] *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010) (footnotes, quotation marks and citations omitted).

There is a presumption of access by the public to judicial records.[2]  The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[3]  Specifically, a party seeking permission to file a document under seal must come forward with evidence demonstrating a public or private harm that is sufficient to justify the sealing of the document.[4]

That the parties have agreed a document should be filed under seal is not sufficient.[5]  The fact that the exhibits are "confidential" within the meaning of the parties' protective order also has no bearing on whether those exhibits should be sealed in the record.[6]  "The disclosure analysis is simply not the same under Rule 26(c), which applies to private materials uncovered in discovery that are not part of the judicial record."[7]

Here, the information sought to be filed under seal is central to Defendant's after-acquired evidence defense.[8]  And Defendant has failed to articulate any facts upon which the Court may base a finding of a public or private harm that would overcome the public's right of access.  Defendant's only justification is that the documents were designated "confidential" under the parties' Protective

---

[2] *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007).

[3] *Id.*

[4] *Id.*; *see also Carefusion 213, LLC*, 2010 WL 2653643, at *1.

[5] *Carefusion 213, LLC*, 2010 WL 2653643, at *1.

[6] *Bullard v. Goodyear Tire & Rubber Co.*, No. 09-4024-SAC, 2011 WL 5248085, at *2 (D. Kan. Apr. 12, 2011) (quotation marks and citations omitted).

[7] *Id.* (quotation marks and citations omitted).

[8] *See id.* (denying motion to file under seal plaintiff's personnel file even though it included allegations of misconduct).

Order. Without more, this is insufficient to justify filing the documents under seal. Accordingly, the Court denies Defendant's motion.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion for Authorization to File Exhibits Under Seal (ECF No. 48) is hereby denied.

**IT IS SO ORDERED**.

Dated this 6th day of June, 2012 at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
