**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ANNIE LUCILLE LIVINGSTON,            )
                                     )
                Plaintiff,           )
                                     )
v.                                   )            Case No. 11-4162-EFM
                                     )
SODEXO, INC. AND AFFILIATED CO.,     )
                                     )
                Defendant.           )

**ORDER**

This matter comes before the Court upon Defendant's Motion for Leave to Amend Answer to Add After-Acquired Evidence Defense (ECF No. 42) and Plaintiff's Motion to Extend Deadline to Submit Supplemental Discovery Documents (ECF No. 41). For the reasons explained below, the Court grants Defendant's motion and grants in part Plaintiff's motion.

**I.    Defendant's Motion for Leave to Amend Answer to Add After-Acquired Evidence Defense (ECF No. 42).**

In its motion to amend, Defendant seeks to add an affirmative defense that Plaintiff's claims or damages are barred due to after-acquired evidence, including Plaintiff's unauthorized use of Defendant's computer systems in violation of Defendant's electronic computer usage policy.[1]

Fed. R. Civ. P. 15 governs the procedure for amending pleadings. A party may amend a pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f).[2] In all other cases, a party may amend its pleading

---

[1] Proposed Am. Answer ¶ 21, ECF No. 42-2.

[2] Fed. R. Civ. P. 15(a).

only with the Court's leave or with the opposing party's written consent.[3]

When the deadline for amending pleadings has passed – as in this case – Federal Rule of Civil Procedure 16(b)(4) is also potentially implicated.  Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[4]  Although the Tenth Circuit has not yet decided the issue, most other circuits have held that a party must show "good cause" under Rule 16(b)(4) in addition to satisfying Rule 15(a) when seeking leave to amend after the deadline established in the scheduling order.[5]  In addition, this District has consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend that is filed after the scheduling order deadline.[6]

The undersigned will follow the approach adopted by this District and first determine whether Defendant has shown good cause within the meaning of Rule 16(b)(4) to justify allowing the untimely motion.[7]  Only after determining that good cause has been established will the Court

---

[3] *Id.*

[4] In addition, the Scheduling Order in this case states it "shall not be modified except by leave of court upon a showing of good cause."  Scheduling Order at 11, ECF No. 20-1.

[5] *Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  Additionally, the Tenth Circuit has applied Rule 16(b)'s good cause requirement in the context of counterclaims asserted after the scheduling order deadline.  *Minter*, 451 F.3d at 1205 n.4 (citing *SIL-FLO, Inc. v. SFHC, Inc*., 917 F.2d 1507, 1518–19 (10th Cir. 1990)).

[6] *See Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010) (and cases cited therein); *Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc*., No. 08-2027-JWL, 2009 WL 1635894, at *3 (D. Kan. June 11, 2009) (and cases cited therein).

[7] *See Carefusion 213, LLC*, 2010 WL 4004874, at *3.

proceed to determine if the Rule 15(a) standard for amendment has been satisfied.[8]

The good cause standard under Rule 16(b)(4) considers the diligence of the party seeking the amendment.[9]  To establish good cause, the moving party must show that despite due diligence it could not have reasonably met the amendment deadline.[10] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[11]  And a lack of prejudice to the nonmovant does not constitute "good cause."[12]  The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline.[13] A district court's determination of good cause will be reviewed only for an abuse of discretion.[14]

Here, Defendant moved to amend its answer on May 16, 2012, approximately two months after the March 9, 2012 deadline to amend the pleadings.  Defendant explains that it did not know the facts underlying its after-acquired evidence affirmative defense until Plaintiff's deposition on May 8 and 9, 2012.  Defendant states that during Plaintiff's deposition, it learned that Plaintiff had accessed information from her boss's computer account without his presence and without his permission.  Defendant contends that this conduct violates its electronic communications policy and constitutes grounds for termination of employment.  The Court has no information to suggest that

---

[8] *See id.*

[9] *Deghand v. Wal-Mart Stores, Inc*., 904 F. Supp. 1218, 1221 (D. Kan. 1995).

[10] *Id*.; *Carefusion 213, LLC*, 2010 WL 4004874, at *3.

[11] *Deghand*, 904 F. Supp. at 1221 (internal citations omitted).

[12] *Id.*

[13] *Id.*

[14] *Carefusion 213, LLC*, 2010 WL 4004874, at *3.

Defendant knew the facts supporting its proposed amendment prior to the amendment deadline. In her opposition, Plaintiff does not contest that Defendant has shown good cause for the late amendment. Accordingly, the Court finds that Defendant has established good cause within the meaning of Fed. R. Civ. P. 16(b)(4).[15]

The Court now turns to whether Defendant has satisfied the standard for amendment under Rule 15. The decision to grant leave to amend after the permissive period lies within the discretion of the trial court.[16] Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of the amendment.[17] Although not exactly clear, Plaintiff appears to contend that Defendant's proposed amendment is futile.

Courts may deny leave to amend on grounds of futility if the proposed amendment "would be subject to dismissal for any reason."[18] The party asserting futility has the burden to establish futility.[19] When a defendant moves to amend an answer to add an affirmative defense, futility is

---

[15] *See Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-cv-2381-JWL-GLR, 2011 WL 3847076, at *4 (D. Kan. Aug. 29, 2011) (finding that defendant established good cause under Rule 16 because the new information supporting the amended answer was obtained after the deadline for amendment); *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668–69 (D. Colo. 2001) ("The fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline.").

[16] *Stewart v. Bd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003) (citing *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1993)).

[17] *Id.*

[18] *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001).

[19] *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *5 (D. Kan. Oct. 12, 2010).

examined in the context of a motion to strike under Fed. R. Civ. P. 12(f).[20] Rule 12(f) states that the court "may strike from a pleading an insufficient defense . . ." "Within the meaning of Rule 12(f), a defense is insufficient if it cannot succeed, as a matter of law, under any circumstances."[21] To warrant striking a defense, its insufficiency must be "clearly apparent" and "no factual issues exist that should be determined in a hearing on the merits."[22]

"A motion to strike an affirmative defense as insufficient is disfavored as a drastic remedy."[23] If there is any doubt as to whether to strike a matter, courts should deny the motion.[24] Courts will usually deny a motion to strike unless the allegations have "'no possible relation to the controversy and may prejudice the opposing party.'"[25]

As discussed above, Defendant seeks leave to add an affirmative defense of after-acquired evidence. The after-acquired evidence doctrine allows employers to diminish damages in Title VII employment discrimination cases by introducing evidence of an employee's wrongdoing that the

---

[20] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-cv-2381-JWL-GLR, 2011 WL 3847076, at *6 (D. Kan. Aug. 29, 2011).

[21] *Id.* (internal citations and quotations omitted).

[22] *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009).

[23] *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008).

[24] *Miller v. Pfizer, Inc.*, No. Civ. A. 99-2326-KHV, 1999 WL 1063046, at *3 (D. Kan. Nov. 10, 1999).

[25] *United States ex rel. Smith v. Boeing Co.*, No. 05-1073-WEB, 2009 WL 2486338, at *3 (D. Kan. Aug. 13, 2009) (quoting *Wilhelm*, 2008 WL 474265, at *2); *see also Sprint Commc'ns Co. v. Big River Tel. Co.*, No. 08-2046-JWL, 2008 WL 4171595, at *1 (D. Kan. Sept. 8, 2008); *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998).

employer discovered after its initial employment decision.[26]  Although this defense does not appear

to have any bearing on liability in a Title VII case, it might impact the specific remedy to be ordered

or the amount of damages to be awarded.[27]

In its proposed Amended Answer, Defendant alleges that Plaintiff's claims or damages are

barred due to after-acquired evidence, including Plaintiff's unauthorized use of Defendant's

computer systems in violation of Defendant's electronic computer usage policy.[28]  In her opposition,

Plaintiff argues that the penalty for her alleged conduct was not termination, that Defendant did not

consistently terminate the employment of employees who accessed another employee's computer,

and that Defendant's discriminatory acts provoked her into the alleged misconduct.  Essentially,

Plaintiff disputes Defendant's version of the facts surrounding her alleged misconduct.

But this is not a proper basis for denying Defendant's motion to amend.  Plaintiff has not

demonstrated that the after-acquired evidence defense cannot succeed as a matter of law *under the*

*facts as alleged by Defendant*.[29]  Whether Defendant can ultimately prove its version of the facts

is a matter that will be determined at a later stage of this case.  Further, Plaintiff has not

---

[26] *Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994).

[27] *See Roalson v. Wal-Mart Stores, Inc.*, 10 F. Supp. 2d 1234, 1235–36 (D. Kan. 1998) (discussing the impact of the Supreme Court's decision in *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352 (1995)); *Blong v. Sec'y of the Army*, 886 F. Supp. 1576, 1584 (D. Kan. 1995) (stating that the rationale of *McKennon* would apply in an employment discrimination case brought under Title VII).

[28] Proposed Am. Answer ¶ 21, ECF No. 42-2.

[29] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-cv-2381-JWL-GLR, 2011 WL 3847076, at *7 (D. Kan. Aug. 29, 2011) (permitting amendment because plaintiff failed to demonstrate that the proposed defenses could not succeed under any circumstances).

demonstrated any prejudice from the proposed amendment.[30]   Accordingly, the Court will permit

Defendant to amend its answer to add an affirmative defense of after-acquired evidence.

## II.     Plaintiff's Motion to Extend Deadline to Submit Supplemental Discovery Documents (ECF No. 41).

Plaintiff has filed a motion entitled "Motion to Extend Deadline to Submit Supplemental

Discovery Documents."   In her motion, Plaintiff requests that the Court extend the deadline to

"submit supplementation of discovery documents" by thirty days.  However, Plaintiff indicates that

she has produced all supplemental documents in her possession.  Plaintiff states that she needs to

request documents from Defendant and the Veteran's Administration.  She concludes by requesting

that the Court "allow" her the time to request the documents that she needs to present her case.

Thus, it appears that Plaintiff is really seeking an extension of the discovery deadline.

In support of her motion, Plaintiff indicates that she was bedridden for a period of twenty-

one days during the discovery period.  The Court finds that Plaintiff has demonstrated good cause

to extend the discovery deadline by twenty-one days.  Further, if the Court does not extend the

current discovery deadline of June 22, 2012, then Plaintiff would be prejudiced by Defendant's

proposed amendment because she would not have had an opportunity to conduct any written

discovery on Defendant's new after-acquired evidence defense.

Extending the discovery deadline will also result in other deadlines being re-set.

Accordingly, the Scheduling Order shall be amended as follows:

---

[30] *Id.* (permitting amendment because plaintiff failed to demonstrate any prejudice from proposed additions); *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *1–*2 (D. Kan. Feb. 19, 2008) (declining to strike affirmative defenses because plaintiff did not show prejudice); *Evello Invs., N.V. v. Printed Media Servs., Inc.*, 158 F.R.D. 172, 173 (D. Kan. 1994) (refusing to strike affirmative defense because moving party did not allege any prejudice would result).

1.    All discovery shall be commenced or served in time to be completed by **July 16, 2012**.

2.    Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served by **June 11, 2012**.

3.    All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by **August 10, 2012.**

4.    Pursuant to Fed. R. Civ. P. 16(d), a final pretrial conference is scheduled for **July 27, 2012 at 9:30 a.m.**, in the U.S. Courthouse, Room 470, 444 SE Quincy, Topeka, Kansas or by telephone if the judge determines that the proposed pretrial order is in the appropriate format and that there are no other problems requiring counsel to appear in person.  Unless otherwise notified, the undersigned magistrate judge will conduct the conference.  No later than **July 20, 2012**, defendant shall submit the parties' proposed pretrial order as an attachment to an Internet e-mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*.

5.    All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than **August 10, 2012**.

6.    This case is set for trial on the court's docket beginning on **February 12, 2013 at 9:00 a.m.**  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket

on which trial of the case actually will begin.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to Amend Answer to Add After-Acquired Evidence Defense (ECF No. 42) is hereby granted.  Defendant shall file and serve its Amended Answer within seven (7) days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Deadline to Submit Supplemental Discovery Documents (ECF No. 41) is hereby granted in part.

**IT IS SO ORDERED**.

Dated this 6th day of June, 2012, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
